UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Santander Consumer USA, Inc.,

                Plaintiff,

           -against-

The City of Yonkers, A.P.O.W. Towing, LLC.,
and Harold Wuestenhoefer,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

20 Civ. 4553 (KMK)(PED)

**PAUL E. DAVISON, U.S.M.J.:**

    Proposed Intervenor-Plaintiff Kate Mensah filed a motion to intervene in the instant action as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2) or, in the alternative, to intervene with permission pursuant to Fed. R. Civ. P. 24(b)(1)(B). [Dkt. 53.] Neither Plaintiff nor the City of Yonkers oppose the motion. Defendants A.P.O.W. Towing, LLC and Harold Wuestenhoefer (the "Joint Defendants") filed a joint opposition in response. [Dkt. 57.] For the reasons that follow, Ms. Mensah's motion for permissive intervention is **GRANTED**.[1]

## I. BACKGROUND

    Plaintiff commenced this action alleging that the City of Yonkers maintained unlawful and unconstitutional towing policies prescribed by New York State Vehicle and Traffic Law § 1224 and Lien Law § 184, under which the Joint Defendants unlawfully towed a vehicle on which Plaintiff had a lien. As a result, Plaintiff contends that it was deprived of the value of its collateral and incurred fees in trying to reclaim its interest. Plaintiff seeks, among other things,

---

[1] Because the motion is granted pursuant to Fed. R. Civ. P. 24(b)(1)(B), I do not reach the request to intervene under Fed. R. Civ. P. 24(a)(2).

declaratory relief that Plaintiff owes no monetary charges to the City and that the relevant statutes are unconstitutional. [*see* Complaint at Dkt. 1.]

Ms. Mensah was the owner of the subject vehicle, which she purchased through a financing agreement which granted a lien on the vehicle in favor of Plaintiff. She asserts, in relevant part, that Defendants unlawfully towed her vehicle under the pretense that the vehicle was abandoned, when in fact it was parked outside of her home. She concedes that she had neglected to pay certain fines on the vehicle, but that she paid those fines in full while the vehicle was still seized. Ms. Mensah alleges that Defendants refused to release the vehicle after she paid the fines. She also seeks declaratory relief that she owes no monetary charges to the City and that the relevant statutes are an unconstitutional deprivation of due process, as well as compensatory damages arising from the loss of enjoyment of her property. [*see* Proposed Intervenor Complaint, Dkt. 53-7.]

## II.  LEGAL STANDARD

Under Fed. R. Civ. P. 24(b)(1)(B), the Court may grant permissive intervention when: (1) an application is timely; and (2) a federal statute confers a conditional right to intervene, or (3) an applicant's claim and the main action share a question of law or fact in common. *United States v. City of New York*, 198 F.3d 360, 367 (2d Cir.1999). "A district court has broad discretion in deciding whether to grant permissive intervention," but must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. *S.E.C. v. Bear, Stearns & Co.*, Case No. 03 Civ. 2937(WHP), 2003 WL 22000340, at *2 (S.D.N.Y. Aug. 25, 2003).

In general, courts will not consider the merits when deciding a motion to intervene. "In considering a motion to intervene, the court must accept as true non-conclusory allegations of

2

the motion." *Berroyer v. United States*, 282 F.R.D. 299, 303 (E.D.N.Y. 2012) (citing *Oneida Indian Nation of Wisc. v. New York*, 732 F.2d 261, 265 (2d Cir.1984)). "Allegations that are frivolous on their face need not be considered by the court." *Id.* (citing *Bay Casino, LLC v. M/V Royal Empress*, 199 F.R.D. 464, 466 (E.D.N.Y.1999)). In addition, "an application to intervene cannot be resolved by reference to the ultimate merits of the claims which the intervenor wishes to assert following intervention...." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123 (2d Cir.2001).

With regard to timeliness, the mere passage of time is only one factor to consider. *United States v. Int'l Bus. Machs. Corp.*, 62 F.R.D. 530, 541 (S.D.N.Y. 1974) ("the mere lapse of time does not render a motion to intervene untimely."). "[B]ecause timeliness is to be determined on a case by case basis, the Court's determination will be based upon all of the circumstances of this case." *Berroyer*, 282 F.R.D. at 303 (citing *NAACP v. New York*, 413 U.S. 345, 365 (1973)). "It is firmly established that the most significant criterion in determining timeliness is whether the delay in moving for intervention has prejudiced any of the existing parties." *Hartford Fire Ins. Co. v. Mitlof*, 193 F.R.D. 154, 160 (S.D.N.Y. 2000).

## III. DISCUSSION

Ms. Mensah's application is timely, and the Joint Defendants do not assert otherwise. The action was commenced on June 15, 2020, less than a year ago. The parties did not initially notify Ms. Mensah of the action, and there is no indication that she received notice at that time. Ms. Mensah states that shortly after learning of this action, she contracted COVID-19 in the Fall of 2020, which, given the unique circumstances of the pandemic, I find to be a reasonable cause for delaying an action. Nevertheless, Ms. Mensah retained her attorney in March 2021 who immediately contacted the other parties. I find that this matter of months, especially in light of

3

the pandemic, was not an unreasonable amount of time for a party to decide to intervene in an action and retain counsel.

Moreover, I find no prejudice to the Joint Defendants, nor do the Joint Defendants assert that they will be prejudiced. This intervention comes before the close of discovery, and the documents and information already exchanged between the parties have already been provided to Ms. Mensah's counsel. Counsel for Ms. Mensah indicated that any additional discovery needed would not be significant, and therefore will not be overly burdensome to the Joint Defendants who have already produced their relevant productions. Neither Plaintiff nor the City assert that they will be prejudiced by the intervention, and I find no undue prejudice to any party.

Additionally, Plaintiff and Ms. Mensah share common questions of law and fact. Both have an interest in the subject vehicle, and both claim that the vehicle was seized unlawfully. Both argue that the relevant statutes are unconstitutional and seek declaratory relief stating the same, as well as declaratory relief that neither party owes the City or the Joint Defendants monetary amounts as a result. The discovery is also largely the same, given that the claims arise from the same action and occurrence and concern the same property. Ms. Mensah's claims are, therefore, sufficiently similar to Plaintiff's to warrant intervention.

Finally, the Joint Defendants' response is addressed to the merits and implicates contested issues of fact. Defendants assert, for example, that the vehicle was seized lawfully, that Ms. Mensah was in arrears on her payments to Plaintiff, and that Ms. Mensah had outstanding fines on her vehicle for which she neglected to answer summons. Such arguments as to the merits of Ms. Mensah's claims are inappropriate here, as Ms. Mensah's allegations must be taken as true for the purposes of this motion. Ms. Mensah's allegations are not

frivolous, as she states a prima facie case that she was unlawfully deprived the right to enjoy her property.

## IV. CONCLUSION

In sum, Ms. Mensah has established that she is entitled to permissive intervention under Fed. R. Civ. P. 24(b)(1)(B). Accordingly, the motion is **GRANTED**. Ms. Mensah shall file her complaint within three business days of this order. The Clerk shall close Dkt. 53.

Dated: May 17, 2021
White Plains, New York

**SO ORDERED**

_____
Paul E. Davison, U.S.M.J.