UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANTANDER CONSUMER USA, INC.

                        Plaintiff,

Kate A. Mensah,

                        Plaintiff-Intervenor,

            -v-


THE CITY OF YONRKERS, A.P.O.W.
TOWING, LLC and HAROLD
WUESTENHOEFER,

                        Defendants.

Civil Action No.: 20-cv-04553
                (KMK)(PED)


**DEFENDANT CITY'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF-INTERVENOR'S
<u>MOTION FOR ATTORNEYS' FEES AND COSTS</u>**


Respectfully Submitted

**HARRIS BEACH PLLC**

*Attorneys for Defendant*
*The City of Yonkers*
445 Hamilton Avenue, Suite 1206
White Plains, New York 10601
(914) 683-1200

## <u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

TABLE OF AUTHORITIES ............................................................................................. ii

INTRODUCTION ........................................................................................................... 1

PRELIMINARY STATEMENT ....................................................................................... 1

ARGUMENT .................................................................................................................. 2

   I.   MENSAH'S REQUEST FOR DAMAGES SHOULD BE DENIED ................................... 2

   II.   APPLICABLE LAW ON THE AWARD OF ATTORNEY FEES  LEGAL
      STANDARD ...................................................................................................... 4

   III.   MENSAH'S ATTORNEYS HAVE NOT ESTABISHED ALL ELEMENTS AS A
      PREVAILING PARTY IN THIS LITIGATION ......................................................... 6

   IV.   THE HOURS EXPENDED BY MENSAH'S ATTORNEYS WERE NOT
      REASONABLE OR PROPER UNDER APPLICABLE LAW .......................................... 8

      A.   Mensah's Attorneys seeks legal fees that are unreasonable ........................... 8

      B.   Plaintiff-Intervenor Mensah's Requested Fees Should be Reduced Because the
          Time Expended by Counsel on Certain Tasks was Excessive, Duplicative and
          Unnecessary ................................................................................... 9

      C.   Plaintiffs Requested Fees Should be Reduced Due to Block Billing and Vague
          Descriptions of Tasks Performed ..................................................... 12

      D.   There Should be a Reduction in the Fee Award for Unsuccessful Claims ......... 17

      E.   Mensah's Attorneys are not Entitled to Receive the Hourly Rates Sought ........ 17

CONCLUSION ............................................................................................................. 19

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                **<u>Page(s)</u>**

*Abdell v. City of N. Y., No 05-CV-8453*
   (RJS), 2015 WL 898974 (S.D.N.Y. March 2, 2015) ............................................... 15

*Adorno v. Port Auth.*,
   685 F. Supp. 2d 507 (S.D.N.Y. 2010) ...................................................... 15-16, 6

*Alderman v. Pan Am World Airways*,
   169 F.3d 99 (2d Cir. 1999) ......................................................................... 5

*Allende v. Unitech Design, Inc.*,
   783 F. Supp. 2d 509 (S.D.N.Y. 2011) .......................................................... 12

*Amato v. City of Saratoga Springs*,
   991 F. Supp. 62 (N.D.N.Y. 1998) ............................................................... 13

*Anthony v. Franklin First Fin., Ltd.*,
   844 F. Supp. 2d 504 (S.D.N.Y. 2012) ........................................................... 5

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. COL of Albany*,
   522 F.3d 182 (2d Cir. 2008) ................................................................... 4, 5

*Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria
Creditanstalt AG, 04 Civ. 3600*,
   2005 WL 3099592 (S.D.N.Y. August 19, 2005) ................................................. 9

*Beastie Boys v. Monster Energy Co.*,
   112 F. Supp. 3d 31 (S.D.N.Y. 2015) ................................................... 15, 4, 5, 8

*Blum v. Stenson*,
   465 U.S. 886 (1984) ............................................................................. 6

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*,
   532 U.S. 598 (2001) ............................................................................. 7

*Clarke v. Frank*,
   960 F. 2d 1146 (2d Cir. 1992) .................................................................. 10

*CRST Van Expedited, Inc. v. E.E.O.C.*,
   578 U.S. 419 (2016) ............................................................................. 6

*Daiwa Special Asset Corp. v. Desnick, 00 Civ. 3856*
   (SHS), 2002 WL 31767817 (S.D.N.Y. December 3, 2002) .................................... 10

*Fernandez v. North Shore Orthopedic Surgery of Sports Med. PC, No. CIV.A.CV 96-4489*,
   2000 WL 130637 (E.D.N.Y. February 4, 2000) ................................................. 9

*Finch v. New York State Office of Children and Family Servs.*,
  861 F. Supp. 2d 145 (S.D.N.Y. 2012) ................................................................................. 18

*Gen. Elec. Co. v. Compagnie Euralair, 96 Civ. 0884*
  (SAS), 1997 WL 397627 (S.D.N.Y. July 3, 1997) ............................................................... 9

*Hensley v. Eckerhart,* 461 U.S. 424 (1983) .......................................................................... 12, 17

*Hutchinson v. McCabee, 95 Civ. 5449*
  (JFK), 2001 WL 930842 (S.D.N.Y. August 15, 2001) .................................................. 10, 11

*Independence Project, Inc. v. Ventresca Bros. Construction Co, Inc.*,
  397 F. Supp.3d 482 (S.D.N.Y. 2019) .................................................................................... 6

*Johnson v. Ga. Highway Express, Inc.*,
  488 F.2d 714, 717 (5th Cir. 1974) ........................................................................................ 5

*Katzenberg v. Lazzari,*
  04 CV 5100 (CBA), 2007 WL 2973586 (E.D.N.Y. October 9, 2007) ................................. 13

*Kirsch v. Fleet St., Ltd.*,
  148 F.3d 149 (2d Cir. 1998) ............................................................................................... 13

*Lazarus v. County of Sullivan,*
  269 F. Supp. 2d 419 (S.D.N.Y.2003) .................................................................................... 7

*Lunday v. City of Albany,*
  42 F.3d 131 (2d Cir. 1994) ................................................................................................... 9

*Lyte v. Sara Lee Corp.*,
  950 F.2d 101 (2d Cir. 1991) ................................................................................................. 7

*Matteo v. Kohl's Dep't Stores, Inc., No. 09 Civ. 7830*
  (RJS), 2012 WL 5177491 (S.D.N.Y. October 19, 2012) ...................................................... 6

*McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*,
  450 F.3d 91 (2d Cir. 2006) ................................................................................................... 5

*Millea v. Metro-N. R.R. Co.*,
  658 F.3d 154 (2d Cir. 2011) ................................................................................................. 4

*Moreno v. Empire City Subway Co., No. 05 Civ. 7768*
  (LMM) (HBP), 2008 WL 793605 (S.D.N.Y. March 26, 2008) ............................................ 6

*Mr. X v. New York State Educ. Dep't*,
  20 F. Supp. 2d 561 (S.D.N.Y 1998) ................................................................................... 13

*N.Y. State Fed'n of Taxi Drivers, Inc. v. Westchester Cty. Taxi & Limousine Comm'n*,
  272 F.3d 154 (2d Cir. 2001) ................................................................................................. 7

iii

*Pall Corp. v. 3M Purification, Inc.*, CV 97-7599
(RRM)(TB), 2012 WL 1980403 (E.D.N.Y. June 1, 2012) .................................... 15

*Penberg v. Healthbridge Mgmt*, 08 CV 1534
(CLP), 2011 WL 1100103 at \*9 (S.D.N.Y. March 22, 2011) ............................... 15

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*,
478 U.S. 546 (1986) ................................................................................................ 10

*Perez v. Westchester Cty. Dep't of Corr.*,
587 F.3d 143 (2d Cir. 2009) .................................................................................... 7

*Preservation Coal. of Erie Cty. v. Fed. Transit Admin.*,
356 F.3d 444 (2d Cir. 2004) .................................................................................... 7

*Quarantino v. Tiffany & Co.*,
166 F. 3d 422 (2d Cir. 2009) ................................................................................... 9

*Quinn v. Nassau County Police Dep't*,
75 F. Supp. 2d 74 (E.D.N.Y. 1999) ....................................................................... 10

*Ragin v. Harry Macklowe Real Estate Co.*,
870 F. Supp. 510 (S.D.N.Y. 1994) ........................................................................ 12

*Rahman v. Smith & Wollensky Rest. Grp., Inc.*,
06 Civ. 6198 (LAK) (JCF), 2008 WL 1899938 (S.D.N.Y. April 29, 2008) ........... 9

*Rahman v. Smith & Wollensky Rest. Grp., Inc., No. 06-CV-6198*,
2009 WL 72441 (S.D.N.Y. January 7, 2009) ........................................................ 14

*Retarded Children, Inc. v. Carey*,
711 F.2d 1136 (2d Cir. 1983) ................................................................... 15, 6, 9

*Rotella v. Board of Education*, CV 01-0434
(NGG), 2002 WL 59106 (E.D.N.Y January 17, 2002) ........................................ 10

*Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc.*,
277 F. Supp. 2d 323 (S.D.N.Y. 2003) ................................................................... 15

*Simmons v. N.Y.C. Transit Auth.*,
575 F.3d 170 (2d Cir. 2009) ............................................................................... 5, 8

*Themis Capital v. Dem. Rep. of Congo, No. 09 Civ. 1652*
(PAE), 2014 WL 4379100 (S.D.N.Y. September 4, 2014) .................................... 15

*Toussie v. City of Suffolk*, 01-CV-6716
(JS) (ARL), 2012 WL 3860760 (E.D.N.Y. September 6, 2012) ........................... 14

*Valley v. City of Derby:06CV1319*
(TLM), 2012 WL 1077848 (D. Conn. March 30, 2012) ...................................... 14

*VFS Fin., Inc. v Pioneer Aviation, LLC, 08 Civ. 7655*
  (GBD)(AJP), 2009 WL 2447751 (S.D.N.Y. August 11, 2009) ............................................ 12

**Statutes**

42 U.S.C. § 12205 ........................................................................................................ 7

General Business Law (GBL) §349 ........................................................................ 2, 7, 8

## INTRODUCTION

The Defendant City of Yonkers ("City" or "Yonkers") submits this Memorandum of Law in Opposition to the Motion for Attorneys' Fees and Costs to be awarded to Plaintiff-Intervenor, Kate Mensah ("Mensah"). The Defendant City objects to the request for an award of damages of $19,975.00 and attorneys' fees with costs of $94,279.42.[1]

## PRELIMINARY STATEMENT

Plaintiff-Intervenor Mensah, who intervened very late the instant litigation, where the Plaintiff Santander has already settled all claims, now seeks from the City an extraordinary amount of attorneys' fees regarding issues already resolved in prior litigations or that were soon to be resolved in this pending litigation. At best, Mensah can claim to be a prevailing party on one issue in this litigation, but seeks a recovery of attorneys' fees on other issues where Mensah was not the prevailing party.

In fact, it is primarily the co-defendant, A.P.O.W. Towing, LLC, ("A.P.O.W.") (a towing company), and not the City, that has unresolved issues on damages that required Mensah to continue to litigate and incur legal fees. Additionally, it is this same co-defendant towing company who refused to consent to Mensah's intervention in this matter, when the City consented, that caused the expenditure of attorneys' fees by Mensah that are now sought against the City. The Defendant City is not responsible for those fees and other attorneys' fees caused by conduct of the co-defendant towing company.

---

[1]    There is no claim by the Defendant City that the costs of $433.16 are unreasonable.

For the multiple reasons set forth in this Memorandum of Law, it is respectfully submitted that this extraordinary claim for attorneys' fees by Mensah be substantially reduced, at best, and more realistically denied in total as against the Defendant City.

## ARGUMENT

### I.
### MENSAH'S REQUEST FOR DAMAGES SHOULD BE DENIED

In its Opinion and Order dated September 12, 2022, Mensah's motion for summary judgment as to damages was denied with leave to move for monetary damages by separate motion. (Opinion and Order dated September 12, 2022, p. 25, Dkt. No. 144.) "The Plaintiff may renew its request for compensatory damages so that the issue may be properly considered." (*Id.*)

Preliminarily it must be noted that Mensah's Complaint included claims (not made against the City) regarding a violation of General Business Law ("GBL") §349 and conversion against co-defendant A.P.O.W., only. Mensah did <u>not</u> assert these claims against Defendant City and therefore cannot be awarded damages against the City for said claim or claim attorney fees against the City. Further, Mensah did not move for summary judgment on her claims of GBL §349 versus co-defendant A.P.O.W. However, the Court determined that as Mensah never explicitly defended the claims in her brief, she had abandoned this claim. (*Id.*, p. 23) As such, no damages or attorneys' fees can be awarded against claims that Mensah abandoned. Further, no attorneys' fees are awarded under either the common law conversion claim or the GBL 349 claim.

Significantly, as established in the summary judgment motion, Mensah had an expired registration. On January 20, 2020, the subject vehicle that Mensah claimed an interest in was towed. On March 20, 2020, the City provided Mensah with a release allowing her to obtain the vehicle. (*Id.*, p. 18) "On the date, 'any restraint by [Yonkers [was removed and [Mensah] had no more obligation to [Yonkers] that would prevent [her] from obtaining her Vehicle…" (*Id.*, p. 22.)

2

Accordingly, Mensah has no right to attorneys' fees against the City once the City did not pose a bar to Mensah recovering the subject motor vehicle.

Mensah, however, despite receiving the release of the subject motor vehicle from the Defendant City to recover the vehicle, due to her default on her finance agreement with Plaintiff Santander, did not recover the vehicle on March 20, 2020. Rather, the vehicle was released to Plaintiff Santander, as lienholder, on October 23, 2020, approximately 273 days after seizure. Accordingly, any pursuit of claims by Mensah against the City for events after March 20, 2020 are no basis for any damages claim or an attorney fees claim.

Mensah, nonetheless, in full disregard of the fact that prior to January 20, 2020, she had defaulted on her finance agreement on the subject vehicle, now seeks damages for the full amount of the value of the subject vehicle at the time of seizure, allegedly $19,975.00.[2] In support of this application, she presents a NADA guide's valuation, based on a vehicle in "clean" condition. Mensah never properly established by credible evidence that this subject vehicle was in such "clean" condition before being towed. Likewise, there is insufficient proof in the record as to the current fair market value of this subject vehicle and therefore, her damages claim fails. Moreover, no attorneys' fees can be awarded against the Defendant City for claims not established.

More incredulous, however, is the claim that Mensah can default on a finance agreement, operate this subject vehicle on the public street with an expired registration, yet seek recovery for the full value of this vehicle and have the Defendant City pay her attorneys' fees for that effort. Here, Defendant City provided Mensah with a release for the vehicle on March 20, 2020. Defendant City should not be liable or held accountable for compensating Mensah for the full value of the

---

[2]        Further, with respect to storage fees of the vehicle, Mensah includes that the storage fees are $35 per day, with the release to Santander on October 23, 2020, 273 days after seizure, with total storage fees of $9,550.

subject vehicle that she defaulted on payments on, was subject to repossession, and caused to be towed for an expired registration.  Defendant City provided Mensah with a release for the vehicle as of March 20, 2020. Thus, had Mensah not been in default on her finance agreement with Plaintiff Santander, she could have retrieved her subject vehicle and would have no subsequent claims, damages or right to seek attorneys' fees against the City for same.

In addition, as previously noted, there was not the proverbial scintilla of evidence as to the condition of the vehicle at the time of seizure establishing the vehicle as in "clean" condition for purposes of valuation and seeking damages therefore.  Accordingly, it is respectfully submitted that Mensah's claim for damages in the amount of $19,975 be denied in its entirety, and further, Defendant City not be held liable for the value for the vehicle at the time of the seizure given the release to Mensah to retrieve her vehicle on March 20, 2020 by Defendant City.  The Defendant City, as a matter of law and logic, cannot be held to pay damages for this subject vehicle that Mensah had abandoned.

## II.
## APPLICABLE LAW ON THE AWARD OF ATTORNEY FEES
## LEGAL STANDARD

It is well settled that this District Court has "considerable discretion" to determine what constitutes a reasonable fee award. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. COL of Albany,* 522 F.3d 182, 190 (2d Cir. 2008). The presumptively reasonable fee is the lodestar; the product of a reasonable hourly rate and the reasonable number of hours required by the case. *Millea v. Metro-N. R.R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks omitted); *see also Beastie Boys v. Monster Energy Co.,* 112 F. Supp. 3d 31, 48 (S.D.N.Y. 2015).  Ultimately, "[t]he presumptively reasonable fee boils down to what a *reasonable,* paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Beastie Boys,* 112 F. Supp. 3d at 48 (emphasis added) (some internal quotation marks omitted)

4

(quoting *Simmons v. N.Y.C. Transit Auth.,* 575 F.3d 170, 174 (2d Cir. 2009)). In resolving what a

*reasonable* client would pay, the Court must consider the *"Johnson factors,"* namely:

> (1)    the time and labor required; (2) the novelty and difficulty of the
> questions; (3) the level of skill required to perform the legal service
> properly; (4) the preclusion of employment by the attorney due to
> acceptance of the case; (5) the attorney's customary hourly rate; (6)
> whether the fee is fixed or contingent; (7) the time limitations imposed by
> the client or the circumstances; (8) the amount involved in the case and the
> results obtained; (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case; (11) the nature and length of the
> professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill,* 522 F.3d at 186 n.3 (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 71719

(5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87 (1989)).

The attorney for Mensah seeking attorney's fees "bear[s] the burden of documenting the

hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." *Beastie*

*Boys,* 112 F. Supp. 3d at 48 (internal quotation marks omitted).  Additionally, "[a]ttorney's fees must

be reasonable in terms of the circumstances of the particular case." *Alderman v. Pan Am World*

*Airways,* 169 F.3d 99, 102 (2d Cir. 1999). "There is no precise rule or formula for determining a

proper attorney's fees award; rather, the district court should exercise its equitable discretion in light

of all relevant factors." *Beastie Boys,* 112 F. Supp. 3d at 48 (alteration and internal quotation marks

omitted).

A reasonable hourly rate is based on "the [current] prevailing market rate for lawyers in the

district in which the ruling court sits." *Anthony v. Franklin First Fin., Ltd.,* 844 F. Supp. 2d 504, 507

(S.D.N.Y. 2012); *see also McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension*

*Tr. Fund,* 450 F.3d 91, 96 (2d Cir. 2006) (explaining that a reasonable hourly rate is one in line with

rates "prevailing . . . in the community for similar services by lawyers of reasonably comparable

skill, expertise[,] and reputation" (internal quotation marks omitted)). The "court may determine the

reasonable hourly rate by relying both on its own knowledge of comparable rates charged by lawyers in the district" and "on evidence proffered by the parties." *Adorno v. Port Auth.,* 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010) (internal quotation marks omitted), *reconsideration granted in part,* 2010 WL 727480 (S.D.N.Y. Mar. 2, 2010).

In making the determination as to what amount of fees and costs is reasonable, the rates actually charged by attorneys and experts, and the hours actually expended are not dispositive. *Matteo v. Kohl's Dep't Stores, Inc.,* No. 09 Civ. 7830 (RJS*), 2012 WL 5177491, at *2 (S.D.N.Y. October 19, 2012); *citing Moreno v. Empire City Subway Co., No. 05 Civ. 7768 (LMM) (HBP), 2008 WL 793605, at *3 (S.D.N.Y. March 26, 2008). Instead, a court must limit both the rate and hours to what is reasonable "with an eye to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees." *N. Y. State Ass 'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1139 (2d Cir. 1983). It is Mensah's attorneys' burden to demonstrate "satisfactory evidence" that the fees and costs requested are reasonable. *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984). It is respectfully submitted that Mensah's attorneys have fundamentally failed in that regard to be awarded the attorneys' fees sought in their application.

### III.
### MENSAH'S ATTORNEYS HAVE NOT ESTABLISHED ALL ELEMENTS AS A PREVAILING PARTY IN THIS LITIGATION

With regard to the issue of Mensah as a "prevailing party" this Court's ruling in *The Independence Project, Inc. v. Ventresca Bros. Construction Co, Inc.,* 397 F. Supp.3d 482 (S.D.N.Y. 2019) is instructive. While a different statute was involved, the same issue of what makes a litigant a "prevailing party" was presented. As this Court noted:

> "Before deciding whether an award of attorneys fees is appropriate in a given case, ... a court must determine whether the party seeking fees has prevailed in the litigation." *CRST Van Expedited, Inc. v. E.E.O.C.,* 578 U.S. 419, 421 (2016).  For a

plaintiff to recover attorney's fees under 42 U.S.C. § 12205, it must be the prevailing party. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 600, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). To be considered a prevailing party, the plaintiff must achieve a material, judicially-sanctioned alteration of the legal relationship that favors it. *See Perez v. Westchester Cty. Dep't of Corr.,* 587 F.3d 143, 149 (2d Cir. 2009). The material alteration of the legal relationship of the parties must be more than just a catalyst bringing about voluntary change; the change must be awarded by the court. *See Buckhannon,* 532 U.S. at 598-99, 121 S.Ct. 1835 (holding that "a defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change"); *N.Y. State Fed'n of Taxi Drivers, Inc. v. Westchester Cty. Taxi & Limousine Comm'n,* 272 F.3d 154, 157-58 (2d Cir. 2001) (noting that although a "lawsuit sometimes produces voluntary action by the defendant", "[for a plaintiff to be considered a prevailing party ..., the plaintiffs lawsuit must be a catalytic, necessary, or substantial factor in attaining the relief" (citations and quotation marks omitted)).

Courts in the Second Circuit ask whether a party has prevailed based on the "materiality of a judicial outcome" and "whether the result is purely procedural or whether it actually accomplishes something substantive for the winning party." *Preservation Coal. of Erie Cty. v. Fed. Transit Admin.,* 356 F.3d 444, 451-52 (2d Cir. 2004) (citation omitted). A plaintiff who achieves relief as a result of a settlement may be considered a prevailing party if the relief obtained was the same general type as the relief sought. *See Lyte v. Sara Lee Corp.,* 950 F.2d 101, 104 (2d Cir. 1991). "Under the ADA, consent decrees may serve as the basis for an award of attorney's fees. Although consent decrees do not always contain an admission of liability, they nonetheless effectuate a change in the legal relationship of the parties ... '[and therefore] create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees'" *Lazarus v. County of Sullivan,* 269 F. Supp.2d 419, 421 (S.D.N.Y.2003) (citing *Buckhannon,* 532 U.S. at 604, 121 S.Ct. 1835) (italics omitted)." (Id. 489-490).

Here, Mensah's attorneys argue that Mensah is a prevailing party in this litigation, has "having achieved nearly all the relief sought in the instant lawsuit." (Campanelli Memorandum of Law, p. 1, Dkt. No. 162.)  This argument is misleading; Mensah's Complaint included claims of violation of GBL §349 and conversion against co-defendant A.P.O.W., only.  Mensah did not assert these claims against Defendant City.  Further, Mensah did not move for summary judgment on her claims of GBL §349 versus co-defendant A.P.O.W., however, this Court determined that as Mensah never explicitly defended the claims in her brief, she had abandoned this claim. (Opinion and Order

dated September 12, 2022, p. 23, Dkt. No. 144.)  Further, the Court denied Mensah's summary judgment motion as to damages with leave to move by separate motion. (*Id.*, p. 25.)  As such, it is at best inaccurate to state that Mensah had "in essence, a total victory" against Defendant City.

It is understood that the Court has determined that the City violated Menash's constitutional rights and therefore, address they reasonableness of the attorneys' fees herein, however, after final adjudication of the instant matter in the District Court, the Defendant City fully intends to appeal the Opinion and Order dated September 12, 2022 granting Mensah summary judgment, seeking reversal of said Order.  As such, Mensah is at best not yet a "prevailing party."

**IV.**
**THE HOURS EXPENDED BY MENSAH'S ATTORNEYS WERE**
**NOT REASONABLE OR PROPER UNDER APPLICABLE LAW**

A.     Mensah's Attorneys seeks legal fees that are unreasonable

As previously noted herein, the question of what is a reasonable fee concerns what a client would pay, ultimately, "[t]he presumptively reasonable fee boils down to what a *reasonable,* paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Beastie Boys,* 112 F. Supp. 3d at 48 (emphasis added) (some internal quotation marks omitted) (quoting *Simmons v. N.Y.C. Transit Auth.,* 575 F.3d 170, 174 (2d Cir. 2009)). In this litigation, the very documents submitted by Mensah's attorneys confirm that the Plaintiff-Intervenor Mensah would pay nothing in this matter, since there was a complete contingency agreement involved with a "no fee" guaranty.

Since Mensah had no obligation to pay any of her attorneys' legal fees, then this completely 100% contingent fee had no reasonableness factor agreed to. Thus, for example, it is unreasonable that Mensah's attorney could bill and seek that the Defendant City pay for over approximately 28.6 hours ($7,435.00) for the preparation of Intervenor Complaint and motion to intervene (Campanelli Declaration, Exhibit E, Dkt. No. 162 (entries dated March 17, 2021 to April 19, 2021), or over

approximately 61.2 hours ($15,215.00) (entries dated July 21, 2021 to September 10, 2021) for the preparation of summary judgment moving papers; these entries are filled with excessive, duplicative and unnecessary hours.  Further, many of the claims asserted were not against the City and do not warrant an attorneys' fee award under the common law or the state statute.

> B.      Plaintiff-Intervenor Mensah's Requested Fees Should be Reduced
>         Because the Time Expended by Counsel on Certain Tasks was
>         <u>Excessive, Duplicative and Unnecessary</u>

In reviewing Mensah's Attorneys' fee application, this court "should exclude excessive, redundant or otherwise unnecessary hours." *Quarantino v. Tiffany & Co.,* 166 F. 3d 422, 425 (2d Cir. 2009). Some courts have dealt with the problem posed by excessive or redundant billing by simply subtracting the redundant hours from the amount of hours used to calculate the lodestar. *See e.g. Fernandez v. North Shore Orthopedic Surgery of Sports Med. PC,* No. CIV.A.CV 96-4489, 2000 WL 130637, at *6 (E.D.N.Y. February 4, 2000). Yet, the Second Circuit has stated that this District Court is not required to "set forth item-by-item findings concerning what may be countless objections to individual billing items." *Lunday v. City of Albany,* 42 F.3d 131, 134 (2d Cir. 1994). Instead, courts have used percentage reductions "as a practical means of trimming fat from a fee application." *New York State Ass'n for Retarded Children v. Carey,* 711 F. 2d 1136, 1146 (2d Cir. 1983); *see Rahman v. Smith & Wollensky Rest. Grp., Inc.,* 06 Civ. 6198 (LAK) (JCF*),* 2008 WL 1899938, at *4 (S.D.N.Y. April 29, 2008) (reducing claimed hours by 33% because "counsel devoted far more hours to the sanctions issue than was justified by the work product"); *Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG,* 04 Civ. 3600, 2005 WL 3099592, at *7 (S.D.N.Y. August 19, 2005) (fees reduced by 25% for block billing, excessive hours, and vagueness in time entries): *Gen. Elec. Co. v. Compagnie Euralair,* 96 Civ. 0884 (SAS), 1997 WL 397627, at *6 (S.D.N.Y. July 3, 1997) (fees reduced by 50% for overstaffing, excessive hours, and excessive hourly rates). "[I]t is less important that the judges attain exactitude,

than that they use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent." *Clarke v. Frank,* 960 F. 2d 1146, 1153 (2d Cir. 1992).

What are "reasonable" attorneys' fees in the context of an order requiring a losing party to pay the prevailing party in a litigation "is not the same as the reasonableness of a bill that a law firm might present to its own paying client." *Daiwa Special Asset Corp. v. Desnick,* 00 Civ. 3856 (SHS), 2002 WL 31767817, at *2 (S.D.N.Y. December 3, 2002), *citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986). (emphasis added).  What Mensah's attorneys use as the basis for their attorneys' fee application is simply a "bill" that Mensah's attorneys would have presented to their client had Mensah agreed to pay that bill – which Mensah never did agree.

Accordingly, the Defendant City submits that given the voluminous excessive, duplicative, unnecessary and vague entries submitted by Mensah's attorneys, that the percentage reduction approach is appropriate. Courts frequently apply percentage reductions to fee applications exhibiting duplicative or redundant billing. *See e.g., Rotella v. Board of Education,* CV 01-0434 (NGG), 2002 WL 59106, at *3-4 (E.D.N.Y January 17, 2002) (applying percentage reduction to fees of several attorneys for excessive and redundant billing); *Quinn v. Nassau County Police Dep't,* 75 F. Supp. 2d 74, 78 (E.D.N.Y. 1999) (reducing one attorney's fees by 20% and another by 30% for unnecessary and redundant time). "Multiple attorneys are allowed to recover fees on a case if they show that the work *reflects the distinct contributions of each lawyer." See Hutchinson v. McCabee,* 95 Civ. 5449 (JFK), 2001 WL 930842, at *3 (S.D.N.Y. August 15, 2001). (emphasis added) To a significant degree, the bill records submitted by Mensah's attorneys fail to do this.

There is a great deal of redundancy, inefficiency and lack of clarity in many of the billing records submitted by Mensah's attorneys.   For the $7,435.00 sought for the preparation of the Intervenor Complaint and the motion to intervene, Attorney Riva started billing from March 17, 2021 to April 19, 2021, and claims 56.6 hours of work.  (Campanelli Declaration, Exh. E, Dkt. No. 162.)  Then, Attorney Campanelli duplicates that effort by claiming over 2.8 hours of work regarding the same Intervenor Complaint and motion to intervene.  (*Id*.)  Further, nearly 60 hours to prepare a complaint is excessive and a number of the claims asserted are not against the City and do not warrant the grant of attorneys' fees.  It is submitted that the actual hours for the constitutional claims against the City should be between 10-15 hours and the demand for attorneys' fees reduced.

The biggest example of inefficiency is that the Mensah Attorneys billed 28.7 hours with respect to/including[3] research as to the drafting of the Intervenor Complaint and motion to intervene, such as follows: 7.0 hours including to "conduc[t] research re motion to intervene and right of continued possession" (*Id*.)  5.5 hours including to "conduc[t] research on 5th amendment taking," *(Id.)* 3.5 hours including to "further research on definition of "illegally parked" and suspended registration" *(Id. )*, 5.0 hours including to "conduc[t] additional research on issue of intervention and legal standards" *(Id.)*, 3.7 hours including to "conduc[t] research on NY Case Law (Canavan and others) regarding notice of Krimstock" *(Id.)*, 4.0 hours including to "conduc[t] additional research on fair market rental value cases in Federal Court & NY".  Mensah's attorneys then billed 2.4 hours for discussions related to the research conducted.  In layman's terms, an excessive and vague amount of time was expended in researching the Intervenor Complaint and motion to intervene, coupled with further excessive time related to "discussions" and "further review" of said research.

---

[3]     The submission contained numerous "block-billed" and vague entries including the research (with no delineation between the amount of the time for the research as opposed to other tasks).  Further, many of the claims and research are not related to the constitutional claims and therefore, are not subject to an attorney fee award.

More significantly, however, the Defendant City consented to the intervention by Mensah in this litigation.  It was co-defendant A.P.O.W. that refused to consent to Mensah's intervention and caused the attorneys' fees claimed by Mensah.  There is absolutely no basis in law for the Defendant City to pay attorneys' fees to Mensah for legal work done to intervene when the Defendant City agreed to that intervention. Any attorneys' fees for intervention were caused by co-defendant A.P.O.W and not the Defendant City.  As such, the Defendant City has no responsibility to pay Mensah's attorneys' fees for any such intervention issues.

Attorneys should exercise billing judgment with respect to hours worked.  Counsel are required to maintain and present billing and time records in a manner that enables a court to identify "distinct" claims. *Hensley v. Eckerhart,* 461 U.S. 424 at 433. Plaintiff's fee request should be reduced for the duplicative efforts.  Given Mensah's Attorneys purported considerable legal experience, their time is excessive. *See VFS Fin., Inc. v Pioneer Aviation, LLC,* 08 Civ. 7655 (GBD)(AJP)*,* 2009 WL 2447751, at *5 (S.D.N.Y. August 11, 2009) (court reduced fees 10% after finding that attorneys "were consistently reviewing each other's work. constantly discussing the case with each other . . . and reviewing the same documents and legal research"). Although Plaintiff Santander may have preferred a concerted effort, a multiplicity of attorneys was not necessary to get the job done. *See Allende v. Unitech Design, Inc.,* 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011) (court reduced fees 7% to account for duplicative billing for conferences between attorneys). *See Ragin v. Harry Macklowe Real Estate Co.,* 870 F. Supp. 510, 521 (S.D.N.Y. 1994) (court reduced attorney's fees by 30% upon a finding of excessive and duplicative efforts).  Additionally, Mensah seeking attorneys' fees from the Defendant City regarding intervention issues is *per se* unreasonable as a matter of law.

     C.     Plaintiffs Requested Fees Should be Reduced Due to Block Billing
                and Vague Descriptions of Tasks Performed

Courts have reduced fee awards where the billing entries were overly vague. *See e.g., Kirsch v. Fleet St., Ltd.,* 148 F.3d 149, 172 (2d Cir. 1998) (upholding reduction of award by 20% for vague entries such as "letter to court," "staff conference," or "work on motion"); *Amato v. City of Saratoga Springs,* 991 F. Supp. 62, 65-66 (N.D.N.Y. 1998) (reducing award for vagueness due to entries such as "review discovery response and review research"). Where the fee application contains numerous vague entries, courts routinely impose an across-the-board reduction. *See e.g., Katzenberg v. Lazzari,* 04 CV 5100 (CBA), 2007 WL 2973586, at *9 (E.D.N.Y. October 9, 2007); *Mr. X v. New York State Educ. Dep't,* 20 F. Supp. 2d 561, 564 (S.D.N.Y 1998) (reducing the fee award by 20% to account for vague and duplicative time entries). This Court should do so in this matter at the very least based upon the overly vague entries of Mensah's attorneys in their billing.

Here, Mensah's attorneys billing entries are again replete with vague entries and multiple block billed tasks. The billing records submitted by Mensah's attorneys contain many entries sufficiently vague so that the Court cannot determine what time was spent or even if such time was necessary. "Vague" and "block-billed" entries are identified on Mensah's attorneys' billing records, such as the following single entry on March 17, 2021 for 7.0 hours: "conduc[t] research regarding motion to intervene and right of continued possession.  Drafted ltr to the court re: motion to intervene.  Further review of the documentation.  Call and email w/ pltf's counsel.  Related discussion with AJC re: tolling agreement and status of the case."  (Campanelli Declaration, Exh. E, Dkt. No. 162.)

This vague and block billed entry begs the following: What specific research was conducted on the motion to intervene and right of continued possession? How long did that research take and what portion of a 7.0 hour entry does that research comprise? What letter was drafted to the Court regarding what specifically as to the motion to intervene?  How long did that take letter take to draft?

13

Review of what documentation? How long did that review take? A call with Plaintiff's counsel regarding what specifically? How long was that call? What was the subject of the related email with Plaintiff's counsel? How long did the email with Plaintiff's counsel take to review? Was it a review of an email from Plaintiff's counsel, the drafting of an email to Plaintiff's counsel or both? How long did that take? How long did the discussion with AJC (presumably counsel Andrew J. Campanelli) take?

Mensah's attorneys fail to provide any further information, and more importantly, fail to outline to this Court the time expended per task but ask this Court to approve such large, vague and block billed entries.

Additionally, the multiple and duplicative time spent by Mensah's attorney regarding research as to the Intervenor Complaint and motion to intervene, as discussed *supra* is not only duplicative but also vague.

These entries and many other billing entries by Mensah's attorneys do not provide sufficient information for the Court to determine what actual work was being done, and therefore, if the work was necessary, excessive, and/or duplicative. Courts have held that cursory entries such a "trial prep are too vague to support a full award of fees, and thus justify a percentage reduction" *Toussie v. City of Suffolk,* 01-CV-6716 (JS) (ARL), 2012 WL 3860760, at *7 (E.D.N.Y. September 6, 2012); *Valley v. City of Derby,* 3:06CV1319 (TLM), 2012 WL 1077848, at *9 (D. Conn. March 30, 2012) (reducing reasonable hours based on vagueness of time entry description "work on trial prep, rev depo, witness notes").  While it is "unnecessary for [fee applicants] to identify with precision the amount of hours allocated to each individual task," *Rahman v. Smith & Wollensky Rest. Grp., Inc., No. 06-CV-6198,* 2009 WL 72441, at *7 (S.D.N.Y. January 7, 2009), attorneys seeking reimbursement "must provide enough information for the [c]ourt, and the adversary, to assess the reasonableness of the hours

worked on each discrete project," *Themis Capital v. Dem. Rep. of Congo,* No. 09 Civ. 1652 (PAE), 2014 WL 4379100, at *7 (S.D.N.Y. September 4, 2014), *reconsideration denied, No. 09 Civ. 1652 (PAE),* 2014 WL 4693680 (S.D.N.Y., September 22, 2014). Mensah's attorneys' entries do not do this at all.

In addition, just as many of the billing entries by Mensah's attorneys, "[b]lock billing . . . 'makes it difficult for the court to allocate time to individual activities in order to gauge the reasonableness of time expended on each activity.'" *Pall Corp. v. 3M Purification, Inc.,* CV 97-7599 (RRM)(TB), 2012 WL 1980403, at *7 (E.D.N.Y. June 1, 2012) (citation omitted). "Where billing entries contain merely vague descriptions of services rendered, or where counsel has engaged in block billing, courts have used percentage reductions as a practical means of trimming fat from a fee application." *Penberg v. Healthbridge Mgmt,* 08 CV 1534 (CLP), 2011 WL 1100103 at *9 (S.D.N.Y. March 22, 2011) (quoting *N.Y. Ass 'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1146 (2d Cir. 1983) (in awarding fees for spoliation of evidence, attorneys' time entries were reduced by 25% due to vagueness and block billing); *Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc.,* 277 F. Supp. 2d 323, 325-26 (S.D.N.Y. 2003) (fees reduced by 15% after court found significant use of "block billing" although not prohibited, rendered it difficult to determine whether work was duplicative or unnecessary).

Though courts disfavor block billing in general, it "is most problematic where large amounts of time (e.g., five hours or more) are block billed," thereby "meaningfully cloud[ing] a reviewer's ability to determine the projects on which significant legal hours were spent." *Beastie Boys,* 112 F. Supp. 3d at 53 (italics omitted); *see also Abdell v. City of N. Y.,* No 05-CV-8453(RJS), 2015 WL 898974, at *4 (S.D.N.Y. March 2, 2015) (finding block billing acceptable "for temporally short entries combining related tasks"); *Adorno,* 685 F. Supp. 2d at 515 ("While block-billing is disfavored

and may lack the specificity required for an award of attorneys' fees, it is not prohibited as long as the [c]ourt can determine the reasonableness of the work performed." (internal quotation omitted)). Here, Mensah's attorneys' billing contains a significant amount of single, block billed entries, lacking any specificity as to the work performed or the length of time for the work performed, such as:

| March 17, 2021 | 7.0 hours |
|---|---|
| March 18, 2021 | 5.5 hours |
| March 19, 2021 | 6.8 hours |
| March 25, 2021 | 3.5 hours |
| March 29, 2021 | 5.0 hours |
| March 30, 2021 | 4.2 hours |
| March 31, 2021 | 3.7 hours |
| April 1, 2021 | 4.0 hours |
| April 5, 2021 | 4.1 hours |
| May 6, 2021 | 3.8 hours |
| May 7, 2021 | 3.4 hours |
| May 18, 2021 | 7.3 hours |
| May 19, 2021 | 3.1 hours |
| May 26, 2021 | 2.5 hours |
| June 11, 2021 | 4.3 hours |
| July 21, 2021 | 6.8 hours |
| July 22, 2021 | 4.7 hours |
| July 30, 2021 | 2.5 hours |
| August 10, 2021 | 5.4 hours |
| August 17, 2021 | 4.1 hours |
| August 20, 2021 | 3.1 hours |
| August 23, 2021 | 5.4 hours |
| August 24, 2021 | 4.5 hours |
| August 25, 2021 | 3.5 hours |
| September 7, 2021 | 3.0 hours |
| September 8, 2021 | 5.0 hours |
| September 15, 2021 | 4.5 hours |
| September 16, 2021 | 5.0 hours |
| October 18, 2021 | 6.4 hours |
| October 19, 2021 | 9.2 hours |
| October 19, 2021 | 4.0 hours |
| October 21, 2021 | 4.7 hours |
| October 22, 2021 | 6.0 hours |
| October 22, 2021 | 6.6 hours |
| October 27, 2021 | 2.5 hours |
| November 7, 2022 | 6.6 hours |
| November 8, 2022 | 2.6 hours |

| November 9, 2022 | 2.7 hours |
|---|---|

Because Mensah's attorneys request for attorneys' fees are blocked billed in large time increments, it is not possible to determine how much time was spent on each task. If this cannot be done, then this Court cannot determine if the time spent on the described task was reasonable. A substantial deduction is therefore warranted.

### D.   There Should be a Reduction in the Fee Award for Unsuccessful Claims

"Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee ... where a plaintiff only achieved limited success, the district court should award on that amount of fees that is reasonable in relation to the results obtained." *Hensley,* 461 U.S. at 440 (1983).  As noted previously, Mensah did not prevail on her GBL state law claims against co-Defendant, APOW.  In fact, the Court determined that such claim was "abandoned" by Mensah in her summary judgment papers.

As such, this Court in its discretion and under established precedent can award no Attorneys' Fees to Mensah's attorneys relating to such claims – state law claims against a third party that do not have an attorney fee provision.

### E.   Mensah's Attorneys are not Entitled to Receive the Hourly Rates Sought

The hourly rates sought by Mensah's attorneys are $600 per hour for Attorney Campanelli; $250 per hour for Attorney Riva; and $350 per hour for Attorney Smyth (Attorney Campanelli's associates).  It is claimed that Attorney Campanelli has "handled thousands of seizure cases within which [he] represented a local government which had seized personal property, and hundreds of cases which [he] represented individuals whose personal property had been seized by a local government." (Campanelli Declaration, Dkt. No. 161.) Notably, no reference is provided as to what success or how many Federal Court cases were in the Southern District of New York.  As to Attorney

17

Riva and Attorney Smyth, no reference is provided as to the amount of cases handled, their success, or how many were federal cases in the Southern District of New York.  The missing information is problematic at best.

The Southern District of New York has recognized a $450 per hour approved billing rate for an attorney with 42 years of experience (*Finch v. New York State Office of Children and Family Servs.,* 861 F. Supp. 2d 145, at 153-55 (S.D.N.Y. 2012) (awarding an hourly rate of $450 for solo practitioner with 42-years of experience in civil rights matters). As such, it is respectfully submitted that the hourly rates sought by Mensah's attorneys are not appropriate given their experience and record of success as provided to this Court in their application for attorneys' fees. That statement is made, however, with a reservation of rights to the Defendant City in its position that the Mensah's attorneys are not entitled to any award of attorney fees or, if any, a 90 % reduction in the amount claimed in their application.

## **CONCLUSION**

For the foregoing reasons, the Defendant City of Yonkers respectfully requests that Mensah's attorneys' application for attorneys' fees be denied in its entirety or dramatically reduced to no more than 90% of the attorneys' fees sought; together with such other and further relief to the Defendant City as this Court deems just and proper.

Dated: Uniondale, New York
           May 26, 2023

                                        Respectfully submitted,

                                        **HARRIS BEACH PLLC**

                                        _____
                                        By:    Darius P. Chafizadeh
                                                 Jessica Molinares Kalpakis
                                        *Attorneys for Defendant*
                                        *The City of Yonkers*
                                        445 Hamilton Avenue
                                        Suite 1206
                                        White Plains, New York 10601
                                        (914) 683-1200