UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANTANDER CONSUMER USA, INC.,

                      Plaintiff,

    v.

THE CITY OF YONKERS, *et al.*,

                      Defendants.

No. 20-CV-4553 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

      Plaintiff Santander Consumer USA, Inc. ("Santander") and Intervenor Plaintiff Kate A. Mensah ("Mensah" or "Intervenor") brought this Action pursuant to 42 U.S.C. § 1983 against Defendants the City of Yonkers ("Yonkers"), A.P.O.W. Towing, LLC ("APOW"), and Harold Wuestenhoefer ("Wuestenhoefer"; together with APOW, the "APOW Defendants"; and collectively, "Defendants"), alleging constitutional and state law violations in connection with the seizure of Plaintiff and Intervenor's car. (*See generally* Compl. (Dkt. No. 1); Intervenor Compl. (Dkt. No. 62).) Before the Court is Intervenor's Motion for Summary Judgment on Damages ("Damages Motion") and Motion for Attorneys' Fees. (Not. of Mot. (Dkt. No. 160).) As explained below, the Court denies the Damages Motion and continues to reserve decision on Intervenor's Motion for Attorneys' Fees.

      The Court assumes the Parties' familiarity with the factual and procedural background of this case, and recounts that background only to the extent necessary in resolving the Damages Motion. On October 4, 2023, the Court held oral argument on Intervenor's Damages Motion and Motion for Attorneys' Fees. (*See* Dkt. (minute entry for Oct. 4, 2023).) As explained on the record, the Court directed the Parties to file letters by no later than October 13, 2023, setting

forth—among other things—their views on certain damages issues, and providing case law in support of the same. (*See id.*) On October 10, 2023, Intervenor filed her letter. (*See* Letter from Andrew J. Campanelli, Esq. to Court (Oct. 10, 2023) ("Intervenor Letter") (Dkt. No. 202).) Yonkers and the APOW Defendants filed their own respective letters on October 13, 2023. (*See* Letter from Darius P. Chafizadeh, Esq. to Court (Oct. 13, 2023) ("Yonkers Letter") (Dkt. No. 203); Letter from Paul W. Meyer, Esq. to Court (Oct. 13, 2023) ("APOW Letter") (Dkt. No. 204).)

In her letter, Intervenor asserts that she is entitled to the fair market value of her car at the time and place of conversion. (Intervenor Letter at 1.) The Court agrees that this is a correct statement of New York law, and therefore holds that Intervenor is entitled to recover the fair market value of her car at the time and place of conversion in connection with her conversion claim. *See, e.g.*, *Funk v. Belneftekhim*, No. 14-CV-376, 2020 WL 7642868, at *7 (E.D.N.Y. Dec. 23, 2020) (explaining that the "usual measure of damages for conversion is the value of the property at the time and place of conversion" (citations omitted)); *Edidin v. Uptown Gallery, Inc.*, No. 09-CV-7829, 2010 WL 2194817, at *1 (S.D.N.Y. June 1, 2010) ("When a defendant is liable for conversion, the plaintiff may recover the value of the property at the time and place of conversion, plus interest." (citing *Fantis Foods, Inc. v. Standard Importing Co.*, 402 N.E.2d 122, 125 (N.Y. 1980))); *see also Bank of N.Y. v. Amoco Oil Co.*, 35 F.3d 643, 657 (2d Cir. 1994) ("Recovery in an action for conversion is the full value of the converted property." (citing *Gen. Foods Corp. v. Pittston Warehouse, Corp.*, 487 N.Y.S.2d 744, 746 (App. Div. 1985))).[1]

---

[1] Yonkers does not seriously dispute that this is the proper method for calculating Intervenor's damages on her conversion claim; instead, it asserts that it "cannot be held liable [for] damages for claims of conversion [because such a claim was] not asserted against it," and the Court therefore did not find it liable for conversion. (Yonkers Letter at 2.) The Court finds Yonkers argument in this connection to be beside the point at this juncture. Putting aside the fact

In support of her Damages Motion, Intervenor points the Court only to the J.D. Power evaluation from January 20, 2020, of $19,975.  (Intervenor Letter at 1; *see also* Mem. of Law in Supp. of Damages Mot. at 9–10 (Dkt. No. 162).)  However, Intervenor provides no supporting documentation concerning the condition of the converted vehicle, which New York courts *require* when proving up damages figures in the context of claims for conversion of motor vehicles.  *See, e.g.*, *Evans v. Knott*, 186 N.Y.S.3d 499 (Table) (N.Y. App. Term. 2023) (holding that plaintiffs failed to establish actual value of converted vehicle where they "submitted a Kelley Blue Book valuation at trial . . . without supporting evidence as to the mileage on the vehicle and its condition at the time of the loss"); *Kane v. Caprara*, 699 N.Y.S.2d 275, 277 (Schenectady City Ct. 1999) (denying summary judgment on damages where plaintiff had failed to adduce any evidence as to the fair market value of her vehicle at the time of conversion); *cf. Schussheim v. Snitkoff*, 58 N.Y.S.3d 876 (Table) (N.Y. App. Term. 2017) (finding plaintiff had adequately established value of vehicle that had been destroyed after conversion where plaintiff testified at inquest "as to the good condition of the vehicle's body and its low mileage at the time of its conversion . . . and presented Kelley Blue Book valuations for somewhat comparable

---

that the APOW Defendants have a claim for indemnification against Yonkers, (APOW Letter at 1), the instant dispute concerns the *amount* of damages to which Intervenor is entitled on her conversion claim, not the *source of payment* for those damage.

Yonkers also argues that Intervenor's alleged damages stemming from Yonkers' violations of her constitutional rights should be limited only to her "loss of use of the vehicle from the date of the tow, January 24, 2020 to March 20, 2020, when [Yonkers] provided []Intervenor with a release for the vehicle."  (Yonkers Letter at 2.)  However, Yonkers, again, misses the point for purpose of Intervenor's Damages Motion, as it itself admits that the cases it cites are not applicable here because they concern damages stemming from car accidents and do not involve claims of conversion.  (*Id.* at 2–3.)  *See Quiller, Inc. v. United States*, No. 20-CV-2513, 2022 WL 4225542, at *3 (S.D.N.Y. Sept. 13, 2022) (explaining that "[u]nder New York law, plaintiffs can recover for the 'loss of use' of their vehicle *in the event a vehicle is damaged or destroyed*" (emphasis added)); *Mahar v. U.S. Xpress Enters., Inc.*, 688 F. Supp. 2d 95, 114 (N.D.N.Y. 2010) ("Where a party loses use of its vehicle *as the result of an accident*, it may be entitled to recover damages for loss of use." (emphasis added)).

3

vehicles"); *Baran v. Weitsman's Scrap Yard*, 2 N.Y.S.3d 877, 878 n.2 (N.Y. City Ct. 2015) (finding plaintiff had adequately proved damages of at least $5,000 where she provided three estimates, two from two local car dealers and one from J.D. Power). Accordingly, Intervenor's Damages Motion must be denied.

Separate and apart from the foregoing, Intervenor points the Court to Second Circuit case law that purportedly supports the proposition that "a defendant who has seized a motor vehicle from one who possessed an 'immediate right of possession' to such vehicle, and then releases it to a third party, cannot raise, as a defense, that a third party held a right to repossess the vehicle." (Intervenor Letter at 2.) *See Alexandre v. Cortez*, 140 F.3d 406 (2d Cir. 1998). In *Alexandre*, following the plaintiff's arrest, an NYPD detective seized his Porsche and ultimately released the car back to the company that had sold it to the plaintiff. *Id.* at 407–08. A representative of that company "immediately resold the Porsche to [the defendant-detective, who] kept it for two months and then conveyed it to an unnamed third party." *Id.* at 408. The Second Circuit determined that—notwithstanding the fact that the plaintiff did not hold title to the Porsche and that he was in arrears under the purchase agreement such that the seller had the right to repossess the Porsche—he still had a "protected possessory interest in the car" given that he had already paid "substantial sums . . . for the Porsche." *Id.* at 410–11.

Although Defendants' letters do not appear to press any further the argument raised at oral argument that Intervenor should not be entitled to recover the fair market value of her vehicle because Santander possesses an as-yet-unresolved claim against her, the Court concludes that *Alexandre*, coupled with the state court cases Plaintiff points to, forecloses such an argument. *See, e.g.*, *Guiffrida v. Storico Dev., LLC*, 876 N.Y.S.2d 793, 795 (App. Div. 2009) ("[T]he court properly awarded compensatory damages to plaintiffs despite the allegation that

4

plaintiff did not actually own the property.  In this case, *the issue of ownership is irrelevant* to the award of damages for conversion because plaintiff had an immediate superior right of possession to the property." (emphasis added) (quotation marks omitted)).

*       *       *

Accordingly, in light of her failure to provide supporting documentation concerning the condition of the converted vehicle, Intervenor's Damages Motion is denied without prejudice to her ability to submit such documentation.  The Court will continue to reserve decision on Intervenor's Motion for Attorneys' Fees.

The Court will hold a status conference in this case on May 17, 2024 at 12:00 p.m.

SO ORDERED.

Dated:   April 1, 2024
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge